Let's just wait for everybody to shuffle out the door. Okay, Mr. Ostrowski. Good afternoon, Your Honors. I respectfully request for more time to provide my arguments, because I have 34 points to better understanding what's going on. Well, why don't you get into the argument, and if we have questions, we'll keep asking them. Okay. Based on the evidentiary foundation. Point one. Failure to consider crucial evidence. The plaintiff has precisely provided a wealth of evidence, including work notes, emails, affidavits, and audio-video files to substantiate the claims in this case. However, Murch Morrison's oversight in neglecting this critical evidence raises significant concerns regarding the impartiality and comprehensiveness of the court proceedings. Point two. Unlawful, predatory, and retaliatory employment practices. The plaintiff has endured unlawful, discriminatory actions, such as unwarranted suspension without pay, indicative of pervasive atmosphere of discrimination and retaliation within the organization. This allegation has inflicted substantial financial and emotional distress upon the plaintiff. Judge Morrison's dismissal of these serious claims without due regard to the evidence deprives the case of the thorough examination of the alleged unlawful employment practices. Point three. Unprofessional conduct of defendant's attorneys. The plaintiff has brought to light the unprofessional conduct exhibited by the defendant's attorneys who are purportedly associated with a toxic leadership group within the organization. The reprehensive behavior of these attorneys not only undermines the judicial process, but also tends to credibility of the evidence presented. It is concerning that Judge Morrison considered statements from these attorneys without probing into their credibility, thereby casting doubts on the fairness of her decision. Point four. Noncompliance with previous order. The defendant's attorneys' disregard for previous court order, as highlighted by their premature filing of motion to dismiss suspension before June 25, 2020, directly undermines the integrity of the judicial process. This blatant violation not only demonstrates a lack of respect for the court's directives, but also suggests a calculated attempt to manipulate a case in favor of defendants. Such misconduct cannot be overlooked and warrants a careful review of defendant's arguments. Five. Alleged lack of experience and bias of Judge Morrison. The appellant asserts that Judge Morrison's alleged lack of experience and potential bias have significantly impacted the fairness and impartiality of the proceeding. But failing to consider crucial evidence, misinterpreting the plaintiff's statements, and making inaccuracies in her decision, Judge Morrison has raised serious doubts about her ability to render an objective judgment in this case. To uphold the principles of justice, the plaintiff respectfully requests a jury trial decided over a more experienced and unbiased senior judge to ensure a fair and just resolution. Six. Court orders of plaintiff presentation of case. It is imperative to note that the court did not mandate the plaintiff to present his entire case or claim beyond arguments related to his other suspensions. The plaintiff's focus on the discriminatory actions taken against him prior to the sixth suspension on June 25, 2020, aligns with the court's instruction and should not be misconstrued as an omission or oversight. Seven. Disputes between plaintiff and supervisors. The plaintiff refutes Judge Morrison's assertion regarding disputes between him and his supervisor. Contrary to her statement, all discriminatory actions were initiated by the supervisor without clear warning or legitimate reasons, as previously detailed by the plaintiff. It is crucial to accurately represent the sequence of events to provide a clear understanding of the hostile work environment and discrimination faced by the plaintiff. Eight. Potential bias towards defendant. The appellant asserts that Judge Morrison's statement undermining senior judge Matsumoto's decision in fighting raises concern about a potential bias towards the defendant. This disregard for superior judge's ruling casts doubt on the impartiality of Judge Morrison and calls into question the fairness of her decision in this case. Nine. Change in decision regarding timeliness issue. The appellant finds it concerning that Judge Morrison initially confirmed that telephone conference resolved the timeliness issue in the plaintiff's favor only to later change her mind and decision. This inconsistency in ruling raises questions about the reliability and integrity of the court's decision-making process. Ten. Inaccurate statements regarding briefing schedule. The plaintiff disputes Judge Morrison's inaccurate statement that Judge Matsumoto set a briefing schedule for the defendant's motion to dismiss the entire amendment complaint or the case. In reality, the motion only pertained to the plaintiff's suspension prior to the sixth suspension on June 25, 2020. It is essential to clarify this discrepancy to ensure a fair and accurate understanding of the case. Eleven. Mr. Ostrowski, we have these ten points, and we have the other points that you made in your brief. We're going to hear from the appellee first, and then you're going to come back for rebuttal. Thank you very much. Let's turn to the appellee, Ms. Donnelly. May it please the court, for appellee of the Port Authority of New York and New Jersey, I am Carla Donnelly. The district court correctly decided the Port Authority's summary judgment motion in this case. And for that reason, the Port Authority submits the district court's decision should be affirmed. As you honors know from the record in this case, the plaintiff's initial complaint was filed on June 14th of 2021. It consisted of over 1,400 pages, specifically with all of the attachments. It was 1,424 pages. Thereafter, after conferences with the then magistrate judge, Judge Bloom, those conferences being audio recorded over the telephone and discussion, extensive discussion with the plaintiff, Judge Bloom allowed for him to amend the complaint. On December 2nd of 2021, he amended the complaint. That complaint was over 50 pages, but it certainly was not the 1,400 plus pages that was part of the initial complaint. We then moved for pre-motion conference for motion to dismiss on the basis that the allegations that were set forth in the complaint were untimely in that the charge of discrimination that the plaintiff had filed with the EEOC exceeded the 180 days that is applicable to the Port Authority, not what is typically the case, which is 300 days. Subsequent to that, the plaintiff asserted that he had not actually filed the charge in March of 2021, as the record indicates, but had filed a document in December of 2020. It is that conference that the plaintiff is contending that he had with Judge Matsumoto, that he contends somehow or another is a ruling in his favor that the timeliness issue had been resolved. In fact, it was not. In the discussion with Judge Matsumoto, again, another telephone conference. In that conference, he says that he filed it in December 2020. And Judge Matsumoto says, well, if that's true, that means that the claim was untimely. And the Port Authority says that they agreed with that. I understand it's based on the premise that his representation is accurate, but wasn't the document attached to the complaint? And shouldn't the Port Authority have known what they were talking about? That particular document, the initial inquiry, was not attached to the original complaint. I did assert that if, in fact, that document was considered to be a charge of discrimination, then the June 25, 2020 date would be timely. But that was purely for the purposes of addressing the judge's concern about whether or not that document actually existed. And it's my recollection of the colloquy with Judge Matsumoto that at the time that she posed the question, she had not seen that in the record. Subsequent thereto, the case gets reassigned, but that it gets reassigned to Judge Morrison. And Judge Morrison has an in-person conference, and it is during that in-person conference, which was quite extensive, that there was discussion as to whether or not this document, which is referred to as an initial inquiry, actually constituted timely filing of the EEOC charge and whether or not we had waived it. It was our position then, and it continued to be our position throughout, that it was not timely for a variety of reasons. One, when you looked at what the actual content of that document is, it's clear that it could not have been, that it could not, A, wasn't part of the initial filing, number one, which was over 1,400 pages. But then when you look to the actual content of it, it doesn't constitute a charge. For example, it appears to be a document that is filled out by the plaintiff himself and lists certain types of, has contained certain types of language that a charge doesn't have. For example, at the bottom of the first page of the inquiry, which in the record is, my recollection is, that the appendix at page six, and it's a page, page stamp B012 specifically, there is labeling of things such as the potential charging party, the potential, on the next page, potential charging party's demographics. On the following page, which is at B014, the plaintiff indicates supplemental information, and the first line underneath that particular section reads, today on March 9th, 2021, at 9 a.m. interview. Further on within that very document, at page B019, he indicates under the heading of the section that asks for provision of additional names and e-mails, he references the fact that he scheduled on January 5th of 2021 a case for an in-person arbitration because it was adjourned from September 14th, 2021. And again, further on, at page B023, indicates that it was, again, something similar, puts in a date that would not have been part of a recitation of facts had it been submitted in our position in December of 2020. So you think that even the inquiry was not made in December of 2020? No, I don't think that the inquiry was not made in December of 2020. All this narrative that might amount to a claim you're saying was not submitted in December of 2020? Precisely, yes. So in terms of the timeliness, I think it's our position that we've never waived that, and I think the judge was right in her determination that even during the colloquy with Judge Matsumoto prior to the in-person conference with her, and Judge Morrison did ask for additional briefing on that, we provided that additional briefing, and I think she correctly decided that we had not waived. Our other position is that even if the initial inquiry could be deemed a timely filed charge, the district court ruling should be affirmed, because even as alleged in his amended complaint, and because the judge agreed to transform the motion into a summary judgment motion, and so considered everything that was in the record, including the 1,424-page initial complaint, as well as the video and audio and emails that she allowed, with defendant's consent, Mr. Ostrowski to admit into evidence, and in fact he handed the material to her clerk in court on the day of the in-person conference, she considered all of that, and based on all of that being his evidence, found that he failed to make a prima facie showing of age discrimination or national origin discrimination. It's clear from the very evidence that he has provided that the basis for the suspensions that he has suffered as an employee and the discipline that was brought about had to do with the manner in which he interacted with his superiors, and that manner essentially was being very combative and being insubordinate, which led to the arbitration discipline with respect to him. Unless there are any other questions, we rest on further arguments in our brief. Okay. Thank you very much, Ms. Donnelly. We'll turn it back to Mr. Ostrowski on the vote. 11. Failure to consider other relevant suspensions. The appellant condemns that Judge Morrison failed to consider other relevant suspensions that should be included as part of ongoing pattern of discrimination in the lawsuit. By limiting the scope of the case to only suspension prior to June 25, 2020, Judge Morrison overlooks important evidence that establishes a comprehensive pattern of discriminatory actions against the plaintiff. 12. Failure to address key evidence. The plaintiff condemns that Judge Morrison dismissed the case without properly addressing crucial evidence, including audio and video files that were submitted. These audio and video files were significant pieces of evidence that supported the plaintiff's claims and should have been thoroughly reviewed and considered in the decision-making process. The dismissal of the case without proper acknowledgment or analysis of the evidence raises concerns about the fairness and thoroughness of the judgment. 13. Inaccurate recognition of individuals. The appellant raises concerns about Judge Morrison's inaccurate recognition of individuals involved in the case, such as mistaking a director for manager. This oversight indicates a lack of attention to detail and understanding of the party involved, which could have implications on the accuracy and validity of the judgment rendered. It is crucial for the court to accurately identify and acknowledge the roles of each individual to ensure a fair and informed decision. 14. Failure to consider plaintiff's qualification and efficient work performance. The plaintiff asserts that Judge Morrison did not fully recognize the plaintiff's qualification and experience, contradicting the accounts provided by defendants, supervisors, and management. By neglecting to acknowledge the plaintiff's credential, background, and efficient work performance, Judge Morrison may have overlooked crucial factors that could have impacted the outcome of the case. It is essential for the court to consider all relevant information, including the plaintiff's qualification and efficient work performance, to make an informed and fair judgment. Thank you very much. We have those 14 points, and we have the remainder of the points that you presented in your brief. But that is the end of our time. Thank you very much. The case is submitted.